UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership, et al., | | |
| Plaintiffs, | | CIVIL ACTION FILE |
| v. | | NO. 1:04-CV-439-WBH |
| DOES 1-252, | | |
| Defendants. | | |

## ORDER

Before the Court are motions filed by Doe 106 and Doe 207 to quash the subpoena served on Cox Communications by Plaintiffs [11, 12]. Also before the Court is Plaintiffs' motion for extension of time to serve the Complaint [29].

### BACKGROUND

In an Order dated March 1, 2004, this Court granted Plaintiffs' motion for leave to take expedited discovery and authorized Plaintiffs to serve a subpoena on third party Internet Service Provider ("ISP") Cox Communications ("Cox") in order to determine the true identities of Defendants. Following that Order, Plaintiffs served a subpoena on Cox who then notified the subscribers in question of the subpoena. Two of the subscribers, identified only as Doe 106 and Doe 207 ("Defendants") have filed motions to quash the subpoena. According to a letter sent by an attorney for Cox to the Court, Cox has collected the information responsive to the subpoena

but has not yet provided it to Plaintiffs, having chosen to await a ruling by the Court on the two pending motions to quash.

## DISCUSSION

In their motions to quash, Defendants raise three arguments: (1) that this Court lacks personal jurisdiction over them; (2) that they have been misjoined; and (3) that Plaintiffs have not made a sufficient factual showing to warrant discovery of their personal identities. Additionally, amici[1] argue that Defendants' identities are protected from disclosure by the First Amendment. The Court will address these arguments in turn.

**I. Personal Jurisdiction**

According to their motions, both Doe 106 and Doe 207 reside outside of Georgia.[2] A federal court has personal jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute. The Georgia long-arm statute provides for the exercise of personal jurisdiction over any nonresident who:

> (1) Transacts any business within this state; (2) commits a tortious act or omission within this state . . .; (3) commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; [or] (4) owns, uses, or possesses any real property situated within this state . . . .

---

[1] Public Citizen, the ACLU, and the Electronic Frontier Foundation are collectively referred to in this Order as "amici." They filed a memorandum as amici curiae addressing the First Amendment implications of revealing Defendants' identities [5] and later wrote a letter to the Court reiterating those arguments [16].

[2] Cox has informed the Court that none of the 252 Doe Defendants resides in the Northern District of Georgia.

2

O.C.G.A. § 9-10-91. The statute confers jurisdiction to the "maximum extent permitted by due process." SES Indus., Inc. v. Intertrade Packaging Mach. Corp., 236 Ga. App. 418, 420 (1999). Due process requires that the nonresident must "have fair warning that a particular activity may subject him to the jurisdiction of a foreign sovereign." Id. In determining whether the nonresident was provided with fair warning, courts consider whether the nonresident's conduct and connection with the forum state are such that the nonresident should reasonably anticipate being haled into court there, whether the nonresident acted to avail itself of the forum state's law, whether the claim relates to those acts, and whether the exercise of jurisdiction is reasonable. Id.

In their motions, Defendants argue that their contacts with Georgia fail to satisfy the Georgia long-arm statue and the due process requirements of the United States Constitution. Plaintiffs respond, and the Court agrees, that a ruling on personal jurisdiction is premature. After Defendants have been identified, the Court will entertain motions to dismiss on this basis, but the Court declines to rule on personal jurisdiction at this time.

**II. Joinder**

Defendants next argue that they have been misjoined, and the Court is inclined to agree. There are two requirements for proper joinder: there must be a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences, and there must be a question of law or fact common to all of the defendants which will arise in the action. See Fed. R. Civ. P. 20. Both these requirements must be satisfied. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000). Here, there is no allegation of joint liability or a conspiracy among Defendants. Rather, Plaintiffs' claims against Defendants are based on distinct and unrelated acts

which will require separate trials and appear to involve different witnesses, evidence, and defenses. Second, it appears that there is no question of law or fact common to all Defendants. The only similarity between the allegations against Defendants is that they are alleged to have violated the same statutes during the same general time frame all using the same ISP. The Eleventh Circuit has held that such commonality on its face is insufficient for joinder. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996) (affirming district court's determination that the defendants had been improperly joined where there was no allegation of joint liability or conspiracy among the defendants). Despite the Court's concerns about misjoinder, however, discussion of joinder is not germane to the motions to quash presently before the Court. The remedy for improper joinder is severance, see Fed. R. Civ. P. 21, and not the quashing of the subpoena at issue here. The Court will allow Plaintiffs to discover the identities of Defendants and will address the joinder issue at a later time.

### III. Insufficient Factual Showing

Defendants also argue that Plaintiffs have not made a sufficient factual showing to justify disclosure of their personal information. In making this argument, Defendants are essentially urging the Court to revisit its March 1, 2004 Order authorizing Plaintiffs to conduct discovery to determine the true identities of Defendants. The Court is unwilling to reconsider that Order, and reiterates its conclusion that Plaintiffs' request for expedited discovery is reasonable and is necessary to get this case moving.

### IV. First Amendment Concerns

Finally, the Court turns to the First Amendment arguments raised by amici, which require the Court to weigh the need for disclosure of Defendants' identities against First Amendment interests. Here, Plaintiffs have made a concrete showing of a prima facie claim of actionable harm but are unable to proceed without the subpoenaed information. Their discovery request is narrowly tailored to obtain the identifying information, and there is apparently no other means by which Plaintiffs can obtain it. Additionally, it appears that by downloading and distributing copyrighted songs without permission, Defendants had a minimal expectation of privacy. These factors all weigh in favor of allowing the disclosure of Defendants' identities. See Sony Music Entertainment, Inc. v. Does 1-41, 2004 U.S. Dist. LEXIS 14122 (S. D. N.Y. July 26, 2004) (denying a motion to quash in a similar case based on these factors and concluding that "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

## CONCLUSION

For the reasons set forth above, the motions to quash [11, 12] are DENIED. Plaintiffs' motion for extension of time to serve the Complaint [29] is GRANTED. Plaintiffs' deadline for serving the Complaint is extended until 90 days after Cox complies with the outstanding subpoena.

It is so ORDERED this 16th day of August, 2004.

```
_____
```
Willis B. Hunt, Jr.
Judge, United States District Court